IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Althia Drayton,<br><br>               Plaintiff,<br>vs.<br><br>Andrew Saul, Commissioner of Social Security Administration,<br>               Defendant. | Civil Action No. 0:20-cv-1138-CMC<br><br>**OPINION AND ORDER** |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Plaintiff appealed pursuant to 42 U.S.C. § 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(b)(2)(a) and 83.VII.02, *et seq.*, D.S.C.

The Report, filed February 10, 2021, recommends the decision of the Commissioner be affirmed. ECF No. 25. On March 1, 2021, Plaintiff filed objections to the Report. ECF No. 29. On March 15, 2021, the Commissioner filed a response to Plaintiff's objections. ECF No. 31. For the reasons stated below, the court adopts the Report and affirms the Commissioner.

## **Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."[1] 42 U.S.C. § 405(g). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v.*

---

[1] "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). "It means – and it means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 578 U.S. __, 139 S. Ct. 1148, 1154 (2019).

*Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. However, the court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson*, 434 F.3d at 653. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

## **Background**

Plaintiff applied for DIB and SSI on May 31, 2016, alleging disability as of February 9, 2017 (amended alleged onset date) due to degenerative disc disease of the lumbar spine, mild osteoarthritis of the hips, obesity, and obstructive sleep apnea.[2] R[3]. at 10, 12-13. Plaintiff's application was denied initially and upon reconsideration. A hearing was held before an Administrative Law Judge ("ALJ"), who denied Plaintiff's claim on February 21, 2019. Plaintiff requested review by the Appeals Council, which was denied, making the ALJ's decision the final decision of the Commissioner. Plaintiff filed this action March 24, 2020. ECF No. 1.

---

[2] She also had type 2 diabetes; a history of papillary thyroid cancer with radiation and thyroidectomy (in remission); hypertension; hypothyroidism; hyperlipidemia; right Achilles tendinopathy with residual foot and ankle pain; vertigo; gastroesophageal reflux disease; and small bowel obstruction.

[3] Citations to the Record are denoted by "R."

**Discussion**

The Magistrate Judge recommends the court affirm the Commissioner's decision as supported by substantial evidence. ECF No. 25. Plaintiff objects to the Report, arguing the ALJ failed to recognize her impairment of lower extremity edema as a severe impairment at Step Two of the evaluation, and incorrectly calculated her RFC by failing to perform a function-by-function analysis of how Plaintiff's impairments impact her ability to work. ECF No. 29. She alleges the ALJ only considered certain evidence in discounting the edema, and multiple pieces of evidence and testimony contradict the evidence considered. *Id.* at 7. She further contends this is not harmless error, as incorporating the edema into the RFC would have been "outcome determinative" under the Grid rule. *Id.* at 4. The Commissioner replied, arguing Plaintiff repeats the arguments she made in her initial briefs, which the Magistrate Judge considered but rejected, and Plaintiff did not identify any legal errors in the Report. ECF No. 31.

1) <u>Step Two/RFC Analysis</u>

Plaintiff objects to the ALJ's failure to include lower extremity edema as a severe impairment that "significantly limits [her] physical or mental ability to do basic work activities" as defined in 20 C.F.R. §§ 404.1520(c), 4163.920(c). Plaintiff also objects to the ALJ's evaluation of Plaintiff's RFC, which she alleges does not include a function-by-function analysis of how Plaintiff's impairments impacted her ability to work. She relies on the recently decided case of *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. Jan. 21, 2021).

The Magistrate Judge found Plaintiff failed to demonstrate remand was warranted, as edema was treated as a symptom or function of the impairments identified by the ALJ, and it is

clear the ALJ considered allegations of pain, swelling, neuropathy, and need to elevate her feet daily. Because the ALJ considered the limitations due to her edema, the Report found the ALJ's failure to include edema as a severe impairment did not influence the determination of the RFC. Moreover, even if the ALJ erred, the Report determined there was no harm from this error because the ALJ considered Plaintiff's allegations of limitations from edema.

Regarding Plaintiff's subjective complaints, the Report determined the ALJ cited record evidence inconsistent with Plaintiff's reports of disabling limitations. The Magistrate Judge acknowledged "selective evidence" supporting Plaintiff's allegations, but noted the ALJ's decision and record as a whole reveals her subjective reports, testimony, medical records, and opinion evidence were all considered by the ALJ. The ALJ "applied the requisite factors and offered specific reasons and support for discounting [Plaintiff's] allegations of disabling limitations in accordance with applicable law." ECF No. 25 at 6. Therefore, the Report concluded, the ALJ's decision is supported by substantial evidence. *Id.* at 20.

Plaintiff objects, citing the recently decided *Dowling* case, which was reversed by the Fourth Circuit because the ALJ did not cite to and follow the proper regulatory framework when formulating the plaintiff's RFC. *Dowling*, 986 F.3d at 387.[4] In *Dowling*, the appellate court concluded the ALJ erred by not citing 20 C.F.R. § 416.945 or SSR 96-8p, regarding evaluation of an RFC. *Id.* It further found the ALJ did not indicate the RFC assessment "was rooted in a

---

[4] Plaintiff did not cite *Dowling* in her opening brief before the Magistrate Judge, as it had not yet been decided. The Magistrate Judge did not cite or discuss *Dowling*.

5

function-by-function analysis of how [the plaintiff's] impairments impacted her ability to work," instead basing the RFC determination "entirely on SSRs 96-7p and 16-3p," which set out the process to evaluate symptoms and if they are consistent with the medical record. *Id.* Finding the ALJ in *Dowling* treated the RFC assessment and the symptom evaluation "as one and the same," the court determined the ALJ erred. *Id.*

Plaintiff argues the ALJ in this case committed the same errors as in *Dowling*. The court, however, disagrees. Here, although the ALJ cited C.F.R. sections and an SSR regarding evaluation of symptoms, credibility, and opinion evidence when formulating the RFC, she did cite the appropriate C.F.R. § 416.945 and SSR 96-8p regulations earlier in the opinion (R. at 12). The court also finds the ALJ in the instant case performed a function-by-function analysis by considering the severe and non-severe impairments and their impact on Plaintiff's ability to work, and found the impairments could cause the alleged symptoms; however, the intensity, persistence, and limiting effects of those symptoms were not wholly consistent with the evidence of record. Importantly, there was little evidence regarding the impairments after the alleged onset date, including swelling/edema. Despite this, it is clear the ALJ considered the evidence in the record regarding Plaintiff's pain, swelling, and neuropathy, which Plaintiff alleged were the primary reasons she was unable to work. R. at 14-15. The court therefore agrees with the Report the ALJ considered limitations related to Plaintiff's edema in formulating the RFC.

Plaintiff also argues the ALJ discussed only four notations in the record regarding her edema or ability to walk, and did not consider all the evidence in each of those reports. As noted above, the court finds the ALJ considered the medical records, testimony, and opinion evidence,

6

and determined the RFC based on the evidence of record. It is not the court's function to reweigh the evidence, and the court declines to do so here. As explained in the Report, the court finds the ALJ's determination is supported by substantial evidence.

## Conclusion

For the reasons set forth above, the court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
April 29, 2021